IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, | § | |
|                 Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:18-CV-0440-L-BK |
| | § | |
| MARKO RODIN, et al., | § | |
|                 Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge. For the reasons that follows, it is recommended that this action be **DISMISSED** due to improper venue.

On February 22, 2018, Plaintiff, a California resident, filed a *pro se* complaint, against Marko Rodin, Lisa Marie Wilson, Sedona Charter School, John Doe 1-10, and One Lotus LLC. Doc. 3 at 2, 4. The complaint asserts in its entirety: "Rodin broke his promise from consideration and had me thrown in jail twice on fraudulent trespassing claims. The Defendants conspired and stole my violin, car and working tools." Doc. 3 at 4. Plaintiff requests monetary, declaratory, and injunctive relief. *Id.* Attached to the complaint is a second complaint against the same Defendants, asserting breach of contract, personal property damages, violation of the Fair Labor Standards Act, fraud, libel, and unconstitutionality of a state statute. Doc. 3 at 6-13. The Court granted Plaintiff's motion to proceed *in forma pauperis*. Doc. 4.

The Court takes judicial notice that Plaintiff filed at least two virtually identical complaints in two different judicial districts around the country within a few days of filing this complaint. *See Chavez v. Rodin et al.*, No. 3:18-CV-8035 (D. Ariz. Feb. 20, 2018); *Chavez v. Rodin et al.*, No. 1:18-CV-01618 (S.D.N.Y. Feb. 21, 2018). Moreover, during the past year,

Plaintiff has filed at least 12 other cases nationwide, nine against the same defendants. *See* Public Access to Court Electronic Record (PACER).[1] That notwithstanding, this case should be dismissed because it is filed in the wrong venue.

Venue in a civil case is determined by 28 U.S.C. § 1391(b). This statute aims to place suits in the judicial district most connected to the parties or the events giving rise to the action. Section 1391(b) provides as follows:

> A civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Section 1391 further provides that the residency of an entity is deemed to be in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ." 28 U.S.C. § 1391(c)(2).

The complaint in this case states that Plaintiff resides in Los Angeles, California, that the individual Defendants reside in either Hawaii or Arizona, and that Defendant One Lotus LLC has it principal place of business in Arizona. Doc. 3 at 2-4. However, Plaintiff does not assert that any acts or omissions occurred within the geographic region served by the United States District Court for the Northern District of Texas. Thus, venue is not proper in the Northern District of Texas.

---

[1] PACER is available at https://pcl.uscourts.gov/pcl/index.jsf (last accessed February 23, 2018).

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a).  See *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).  Here, given the infancy of the case, as well as the apparently duplicate filings, Plaintiff's complaint should be dismissed without prejudice to being filed in the proper district.

Accordingly, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.  See 28 U.S.C. § 1406(a).

**SIGNED** February 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE